IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**THURMAN HAYES, JR.**  **PLAINTIFF**

V.                           Case No. 4:25-CV-00556-JM

**THOMAS, Sergeant, Little Rock
Police Department,** *et al*.  **DEFENDANTS**

## ORDER

Plaintiff Thurman Hayes, Jr.'s motion to proceed *in forma pauperis* (Doc. 1) is granted. He reports living on social security disability income and a few savings. *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (*per curiam*) (complaint can be filed if plaintiff qualifies by economic status under 28 U.S.C. § 1915(a)).

### I.   Standard

The law requires that I screen the Complaint. 28 U.S.C. § 1915(e)(2). "A pro se plaintiff must set forth enough factual allegations to 'nudge [ ] their claims across the line from conceivable to plausible,' or 'their complaint must be dismissed' for failing to state a claim upon which relief can be granted." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing *pro se*, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### II.   Background

Mr. Hayes sues the Little Rock Police Department (LRPD), one of its employees, Sergeant Thomas, and Sergeant Willie Davis with the Pulaski County Sheriff Department (PCSD). (Doc.

2). He sues Sergeant Thomas in his individual capacity only and Sergeant Davis in his official and individual capacities. Mr. Hayes explains that, in March 2025, Sergeant Davis threatened him by warning Mr. Hayes that he would make sure he was prosecuted if he did not "keep his name out of his mouth." (*Id*. at 4). Sergeant Davis warned that he knew Mr. Hayes was a drug dealer and said that he had friends who will pull Mr. Hayes over at night. (*Id*.). Mr. Hayes says that he was scared for his life and went to the prosecuting attorney's office in an attempt to get a protective order against Sergeant Davis. (*Id*. at 5). Mr. Hayes was told that he would first need to obtain a police report before a protective order could be secured. (*Id*.) So, Mr. Hayes called the LRPD and spoke with Sergeant Thomas, who explained to him that he needed to make a report with Internal Affairs at the PCSD, where Sergeant Davis was employed, rather than file a report with the LRPD. (*Id*.).

      Mr. Hayes successfully completed a "professional standards complaint form" on Sergeant Davis with the PCSD on March 20, 2025. (*Id*. at 6). In that report, Mr. Hayes stated that he believed the conflict with Sergeant Davis began when Mr. Hayes successfully received a community funding grant that both men had sought. (*Id*.). Mr. Hayes admitted that he had challenged Sergeant Davis to a boxing match on social media and then had called Sergeant Davis a coward when he did not respond to the challenge. (*Id*.). According to Mr. Hayes, Sergeant Davis called him and warned that "he would get 'law enforcement friends' to get him." (*Id*.). Whether that report was pursued further or resolved is not mentioned. Mr. Hayes does not state that he has been unlawfully stopped or harassed after that conversation. Mr. Hayes seeks $1.5 million in damages for the mental stress.

### III.     Discussion

Mr. Hayes has not stated a claim on which relief can be granted. In order to state a claim for relief under § 1983, the complaint must allege that a person acting under the color of state law deprived the plaintiff of a constitutional or federally protected statutory right. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). Mr. Hayes, however, has not met this burden. His damages claims against the LRPD can be immediately dismissed because it is not an entity subject to suit under 42 U.S.C. § 1983. *Nix v. Norman*, 879 F.2d 429, 431-32 (8th Cir. 1989); *Ketchum v. City of West Memphis, Arkansas*, 974 F.2d 81, 82 (8th Cir. 1992).

His individual capacity claims against Sergeant Thomas also fail. He contends that Sergeant Thomas unlawfully refused to write a police report for him; however, Mr. Hayes admits that Sergeant Thomas explained how to make a formal report on Sergeant Davis where he actually worked – the PCSD. Sergeant Thomas attempted to help Mr. Hayes and counseled him on how best to pursue his claims. This is not violative of a civil liberty. For example, Mr. Hayes does not suggest that Sergeant Thomas's actions were racially motivated. Because he has not stated a viable claim against Sergeant Thomas, Mr. Haye's individual capacity claims against him are dismissed.

Finally, Mr. Hayes says Sergeant Davis threatened him that if he did not stop talking about him on social media that he would have his friends conduct unlawful traffics stops. Mr. Hayes's official capacity claims against Sergeant Davis fails because such a claim is really against his employer, and like the LRPD, Sergeant Davis's employer, the PCSD, is not an entity that can be sued under § 1983. *Ketchum*, 974 F.2d at 82. Mr. Hayes also has not alleged that Sergeant Davis was acting under and unlawful policy or procedure. Mr. Hayes's individual capacity claims against Sergeant Davis fail because no civil liberty has been violated. Mr. Hayes's interactions with Sergeant Davis appear to be singular and never resulted in any unlawful stop or further interactions

with Sergeant Davis. With no factual allegations of ongoing harassment and threats, Mr. Hayes has failed to state a claim against Sergeant Davis.

Accordingly, the Complaint is dismissed without prejudice for failing to state a claim on which relief can be granted. The Clerk is directed to close this case. The Court certifies that an *in forma pauperis* appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED this 12th day of September, 2025.

_____
UNITED STATES DISTRICT JUDGE